**Frank J. DORSEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 985 S 365.**

Supreme Court of Indiana.

March 4, 1986.

Richard L. Young, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction for murder, I.C. § 35–42–1–1. A jury tried the case. Appellant received a sentence of sixty years.

He raises one issue on appeal, namely, whether there is sufficient evidence to support his murder conviction.

In determining this issue we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657.

Here is the evidence that supports the verdict of guilty. The body of the victim, Ron Fulton, was found in the trunk of a white Phoenix automobile on July 4, 1984, in St. Louis, Missouri. The cause of death was two gunshot wounds to the head. Ballistic tests confirmed that the murder weapon was a .32 caliber hand gun which was found in Fulton's house in Evansville. Dried human blood was found in Fulton's home and in the white Phoenix automobile.

Donna Stites, the victim Fulton's stepdaughter, testified for the defense that she killed Fulton at his home around 8:00 p.m. on July 3, 1984. She also testified that she had done this alone, and unassisted had put the body in a trash can and then put it in the trunk of the White Phoenix. She also admitted making a pre-trial statement in which she described her efforts in conjunction with another unnamed person to then clean up the mess and remove blood stains, but declared at trial that the statement had been false. She testified further that she then drove from the house to appellant's mother's residence where she picked him up and returned with him to the Fulton house, where the two took drugs in the kitchen, and then under her direction appellant took the car, not knowing that a corpse was in the trunk, to St. Louis to buy drugs.

Appellant testified in his own behalf, that he was picked up by Donna Stites on the same evening near the Blue Note in the white car, and both proceeded to the Fulton house, doing drugs in the kitchen. He then left the house in the white car and drove to St. Louis where he left the car parked on the street because it was not running well, and returned to Evansville on the bus. Appellant testified that he telephoned Stites in Evansville to tell her about the car problem, however, the records regarding the phone at which he claimed to have reached her collect, showed no such call.

On July 6, 1984, appellant and Stites drove to St. Louis where they pawned the victim's golf clubs and bowling ball in order to obtain money for drugs.

Keith Favor, cellmate of appellant while in jail awaiting trial on this charge, testified appellant had told him that he had been hired to kill Fulton. According to Favor, appellant said that he and Stites were to have received five thousand dollars each for the murder of Ron Fulton, and that it had been Janice Fulton, Ron Fulton's wife, who had done the hiring. Janice Fulton was the beneficiary on several of Ron Fulton's life insurance policies, and she received about two hundred and fifty thousand dollars as a result of Ron Fulton's death. Appellant admitted giving a letter to Favor, to give the letter to Favor's wife, and to have her show it to Jan Fulton, and then to have his wife burn the letter. The letter, admitted at trial, referred to a payment appellant was to receive from Jan Fulton. The jury could reasonably have inferred that the payment referred to in the letter was for the murder of Ron Fulton.

Favor also attributed the statement to appellant, that a gun had been given to Stites by Janice Fulton, and that Stites had given it to him. Another statement was

attributed to appellant that showed he possessed knowledge that Janice Fulton had taken her children from the residence that evening in order that the victim be left there alone.

This is evidence which is sufficient to support appellant's conviction for murder. It supports the inference that appellant was present at and knowingly participated with Donna Stites in the killing of Fulton to the required degree of certainty.

The conviction is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

SHEPARD, J., not participating.